IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINCY B. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | Civil Action No. 1:18cv988-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Petitioner Quincy B. Jones is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. No. 1.

On September 19, 2011, in Case No. 1:11cr4-WKW, Jones pled guilty to conspiring to possess with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 846. On September 6, 2012, in Case No. 2:12cr156-WKW, Jones pled guilty to using a telephone with intent to commit a murder-for-hire, in violation of 18 U.S.C. § 1958(a). The latter charge arose out of Jones's attempt to arrange the murder of a witness connected to his drug conspiracy case. Sentencing in the two cases was consolidated and a sentencing hearing was held on November 1, 2012. The district court sentenced Jones to 200 months in prison on the drug conspiracy conviction, to run concurrently with a 120-month sentence imposed for the conviction for using a telephone with intent to commit a murder-for-hire. Jones took no direct appeal.

In his instant § 2255 motion, filed on November 26, 2018, Jones asserts claims of ineffective assistance of counsel against the lawyer who represented him at his November 1, 2012 sentencing. Doc. No. 1 at 4–7. For the reasons that follow, the Magistrate Judge finds that Jones's § 2255 motion should be dismissed as a successive motion filed without the required appellate court authorization.

## II. DISCUSSION

Jones has previously filed separate § 2255 motions challenging his convictions and/or sentence in Case No. 1:11cr4-WKW (the drug conspiracy case) and Case No. 2:12cr156-WKW (the intent to commit a murder-for-hire case). Both of these prior § 2255 motions were filed on October 23, 2013. These § 2255 motions were docketed as Civil Action No. 1:13cv801-WKW (the drug conspiracy case) and Civil Action No. 2:13cv803-WKW (the intent to commit a murder-for-hire case). On December 23, 2015, this court entered a final judgment denying Jones's § 2255 motion with prejudice in Civil Action No. 1:13cv801-WKW,[1] and on December 10, 2015, this court entered a final judgment denying Jones's § 2255 motion with prejudice in Civil Action No. 2:13cv803-WKW.[2]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move

---

[1] *See* Civil Action No. 1:13cv801-WKW, Doc. Nos. 11 & 12 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. No. 10] and Final Judgment of District Judge Dismissing Case with Prejudice).

[2] *See* Civil Action No. 2:13cv803-WKW, Doc. Nos. 12 & 13 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. No. 11] and Final Judgment of District Judge Dismissing Case with Prejudice).

in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

"The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  Jones presents no evidence of his having obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion.  Because Jones has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be dismissed for lack of jurisdiction.  *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Jones's successive § 2255 motion (Doc. No. 1) be summarily dismissed because Jones has not received permission from the appellate court to file a second or second § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 16, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge