IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QUINCY B. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CV-988-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

In November 2018, Plaintiff Quincy B. Jones moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (No. 18-cv-988, Doc. # 1.)[1] The court entered an Order and Final Judgment dismissing this action for lack of jurisdiction. (No. 18-cv-988, Docs. # 3, 4.) Mr. Jones objects to dismissal. (No. 18-cv-988, Doc. # 7.) But for the reasons below, those objections are due to be overruled; the Order and Final Judgment dismissing this action are due to remain in full force and effect.

## **I. BACKGROUND**

In September 2011, Mr. Jones pleaded guilty to conspiring to possess (with intent to distribute) a controlled substance in violation of 21 U.S.C. § 846. (No. 11-

---

[1] Five other cases from this district are at issue: (1) a drug conspiracy prosecution against Mr. Jones, *United States v. Jones*, No. 11-cr-4-WKW-6; (2) a murder-for-hire prosecution against Mr. Jones, *United States v. Jones*, No. 12-cr-156-WKW; (3) Mr. Jones's first § 2255 motion about the drug-conspiracy case, *Jones v. United States*, No. 13-cv-801-WKW; (4) Mr. Jones's first § 2255 motion about the murder-for-hire case, *Jones v. United States*, No. 13-cv-803-WKW; and (5) Mr. Jones's most recent § 2255 motion, *Jones v. United States*, 19-cv-289-WKW.

cr-4, Doc. # 219.) And in September 2012, he pleaded guilty to using a telephone with intent to commit a murder for hire, a violation of 18 U.S.C. § 1958(a). (No. 12-cr-156, Doc. # 9.) His pleas were made in accordance with plea agreements in which he generally waived his rights to appeal and to collateral attack. (No. 11-cr-4, Doc. # 218, at 6; No. 12-cr-156, Doc. # 8, at 8.) The two criminal cases were consolidated for sentencing, which was in November 2012.

Under the applicable sentencing guidelines, the court found that Mr. Jones's base offense level was 37. *See* U.S. Sentencing Commission, *Sentencing Guidelines* §§ 2A1.5(a)–(b)(1), 2E1.4, 3D1.2 (Nov. 2012) ("U.S.S.G."). The court then granted a three-level reduction for acceptance of responsibility and a motion for a three-level downward departure. This left Mr. Jones with a total offense level of 31. (No. 11-cr-4, Doc. # 325, at 31; No. 12-cr-156, Doc. # 20, at 31.)

The court also found Mr. Jones had a criminal history category of VI. (No. 11-cr-4, Doc. # 325, at 29–31; No. 12-cr-156, Doc. # 20, at 29–31.) That was based on the Presentence Investigation Report's calculation that Mr. Jones had 15 criminal history points. (No. 11-cr-4, Doc. # 319, at 19–22; No. 12-cr-156, Doc. # 18, at 19–22.) Putting together Mr. Jones's criminal history category and total offense level, the court found that his sentencing guideline range was from 188 to 235 months.

While making these calculations, the court sustained an objection to treating Mr. Jones as a "career offender" under the guidelines. *See* U.S.S.G. § 4B1.1. One

supposed predicate conviction for sentencing Mr. Jones as a career offender was his 2001 conviction for robbery — a crime he committed when he was seventeen. Under *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), and *United States v. Pinion*, 4 F.3d 941 (11th Cir. 1993), the court thought it would be justified in using that 2001 robbery conviction to sentence Mr. Jones as a career offender. *Cf. United States v. Elliot*, 732 F.3d 1307, 1313 (11th Cir. 2013) (per curiam) (holding a "youthful offender" adjudication is a "conviction" for purposes of the career offender enhancement). But because Mr. Jones had a base offense level of 37 and a criminal history category of VI *without* the career offender enhancement, there was no need for the enhancement. It would not have increased Mr. Jones's guideline range to find that he was a career offender. As a result, the court sustained the objection and found Mr. Jones was not a career offender. (No. 11-cr-4, Doc. # 325, at 30; No. 12-cr-156, Doc. # 20, at 30.)[2]

The court ultimately sentenced Mr. Jones to 200 months in prison for the drug conspiracy conviction, which ran concurrently with a 120-month sentence for the murder-for-hire conviction. (No. 11-cr-4, Doc. # 317, at 2; No. 12-cr-156, Doc. # 16, at 2.)

---

[2] The court explained: "Because it doesn't matter in this case, I'm going to sustain the objection. But I think under *Pinion*, I think I would be upheld if I had applied it, but it just doesn't matter to the calculations in this case. So for purposes of our discussion today, I'm sustaining the objection to the finding of career offender, in my discretion." (No. 11-cr-4, Doc. # 325, at 30; No. 12-cr-156, Doc. # 20, at 30.)

Mr. Jones filed no direct appeal. But about a year after sentencing, Mr. Jones filed two § 2255 motions. He argued, among other things, that his Sixth Amendment right to effective assistance of counsel had been violated. (*See* No. 13-cv-801, Doc. # 1-1, at 13, 19–20, 22–24; No. 13-cv-803, Doc. # 1-1, at 4, 9–10.) Two magistrate judges filed Recommendations, and both concluded Mr. Jones was not entitled to relief under the Sixth Amendment. (No. 13-cv-801, Doc. # 10, at 6–13; No. 13-cv-803, Doc. # 11, at 7–9.) Mr. Jones did not file objections to those Recommendations. (*Cf.* No. 11-cr-4, Doc. # 362; No. 12-cr-156, Doc. # 33.) In 2015, the court adopted both Recommendations and entered Final Judgment dismissing Mr. Jones's motions with prejudice. (No. 13-cv-801, Docs. # 11, 12; No. 13-cv-803, Docs. # 12, 13.)

Then in November 2018, Mr. Jones filed this § 2255 motion. (No. 18-cv-988, Doc. # 1.) He argues that since his attorney did not object to the court's finding that he had a criminal history category of VI, he was deprived of his Sixth Amendment right to effective assistance of counsel. (*See* No. 18-cv-988, Doc. # 1, at 4–7.) The magistrate judge recommended dismissing this action for lack of jurisdiction since Mr. Jones had not received permission from the Eleventh Circuit to file a second or successive § 2255 motion. (No. 18-cv-988, Doc. # 2.) The court did not receive timely objections to the Recommendation, and on April 23, 2019, it entered an Order and a Final Judgment dismissing this action. (No. 18-cv-988, Docs. # 3, 4.) But on May 6, 2019, Mr. Jones asserted that he had not received the Recommendation and

was thus unable to file objections. (No. 18-cv-988, Doc. # 5.) The court granted leave to file objections on or before May 28, 2019, which Mr. Jones did. (No. 18-cv-988, Docs. # 6, 7.) Those objections argue that the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), apply retroactively to him. (No. 18-cv-988, Doc. # 7, at 1–3.)[3]

Separately, on April 16, 2019, Mr. Jones filed another § 2255 motion. (No. 19-cv-289, Doc. # 1.) In that motion, he also argued that *Johnson* and *Dimaya* apply retroactively to him. (No. 19-cv-289, Doc. # 1, at 1.) But on April 26, 2019, the magistrate judge recommended dismissal because the Eleventh Circuit had not given permission for a second or successive motion. (No. 19-cv-289, Doc. # 2.) Mr. Jones did not object to the Recommendation. The court adopted the Recommendation and dismissed the action on May 28, 2019. (No. 19-cv-289, Docs. # 3, 4.) As it turns out, Mr. Jones had applied for permission from the Eleventh Circuit — a request that court received on May 14, 2019. But on June 4, 2019, the Eleventh Circuit denied permission for Mr. Jones to file a second or successive motion. *In re Jones*, No. 19-11870, slip op. at 5 (11th Cir. June 4, 2019) (per curiam).

## II. DISCUSSION

"The law is wary of second or successive motions by federal prisoners." *In*

---

[3] The court reviews *de novo* those portions of the Recommendation (No. 18-cv-988, Doc. # 2) to which Mr. Jones objects. *See* 28 U.S.C. § 636(b)(1).

*re Garrett*, 908 F.3d 686, 688 (11th Cir. 2018). To file a second or successive § 2255 motion, therefore, a prisoner must receive permission "from the appropriate court of appeals." *Id.* The court of appeals may not grant leave unless the motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see id.* § 2244(b)(3)(C). If the court of appeals does not permit a second or successive motion, then the district court lacks jurisdiction to consider one. *E.g.*, *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) (per curiam) (stating "when a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it"); *see In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) (W. Pryor, J., respecting the denial of rehearing en banc) ("The bar on second or successive motions is jurisdictional . . . .").

Mr. Jones argues that *Johnson* and *Dimaya* are retroactive and that, as a result, the court has jurisdiction over this action. (No. 18-cv-988, Doc. # 7, at 1.) But that argument is unsuccessful. *Johnson* held that the residual clause of the Armed Career Criminal Act — which defined "violent felony" — was impermissibly vague. 135 S. Ct. at 2563 (invalidating 18 U.S.C. § 924(e)(2)(B)(ii)). In the same vein, *Dimaya*

held that a residual clause definition of "crime of violence" was unconstitutionally vague. 138 S. Ct. at 1223 (invalidating 18 U.S.C. § 16(b)); *see also Ovalles v. United States*, 905 F.3d 1231, 1237–39 (11th Cir. 2018) (en banc) (discussing *Johnson* and *Dimaya*). It may well be that *Dimaya*, like *Johnson*, applies retroactively. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding *Johnson* is retroactive); *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) (stating any court may decide retroactivity under § 2255). But it is not enough for Mr. Jones to recite *Johnson* and *Dimaya* as the basis for his motion; "he also must show that he falls within the scope of the new substantive rule." *In re Sams*, 830 F.3d 1234, 1237 (11th Cir. 2016) (per curiam); *see also, e.g.*, *In re Gordon*, 827 F.3d 1289, 1292 (11th Cir. 2016) (per curiam). That he has not done.

Mr. Jones was not sentenced under the Armed Career Criminal Act. Nor did he receive a sentencing enhancement on the grounds that he was a "career offender." (To the contrary, the court sustained Mr. Jones's objection to such an enhancement.) And the § 2255 motion in this case refers to neither *Johnson* nor *Dimaya*. Instead, it is a straightforward challenge to how the sentencing court calculated Mr. Jones's criminal history category. (*See generally* No. 18-cv-988, Doc. # 1.)[4]

---

[4] The lone case Mr. Jones cites in his motion is the Eighth Circuit's decision in *King v. United States*, 595 F.3d 844 (8th Cir. 2010). (No. 18-cv-988, Doc. # 1, at 5.) But *King* appears to conflict with an Eleventh Circuit decision. *See United States v. Cornog*, 945 F.2d 1504, 1506 n.6 (11th Cir. 1991). *King* is no longer good law in the Eighth Circuit. *See United States v. Ellis*, 815 F.3d 419, 423 (8th Cir. 2016); *cf. also United States v. Williams*, 753 F.3d 626, 639 (6th Cir. 2014)

The upshot is that this action involves a second or successive § 2255 motion. *See Boyd v. United States*, 754 F.3d 1298, 1301–02 (11th Cir. 2014) (discussing the definition of "second or successive"); *Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011) (same). There is no evidence that the Eleventh Circuit gave Mr. Jones its permission to file this motion. As a result, the court lacks jurisdiction. *See In re Bradford*, 830 F.3d at 1277.

Mr. Jones also asks the court to transfer his motion to the Eleventh Circuit. *See* 28 U.S.C. § 1631 (instructing courts without jurisdiction to transfer an action to the proper court "if it is in the interest of justice"); *cf. Guenther v. Holt*, 173 F.3d 1328, 1330 & n.4 (11th Cir. 1999) (refusing to decide whether § 1631 authorizes the transfer of a second or successive habeas petition). But Mr. Jones has not made a prima facie showing that a new rule of constitutional law applies retroactively to him. And in a similar action, the Eleventh Circuit denied Mr. Jones's application to file a second or successive motion. *In re Jones*, No. 19-11870, slip op. at 5. As a result, it is not in the interest of justice to transfer this action to the Eleventh Circuit. *See Ivory v. United States*, No. 16-cv-8035, 2017 WL 345546, at *4 (N.D. Ala. Jan. 24, 2017) (if a plaintiff "cannot establish a prima facie case for relief pursuant to *Johnson*, transfer to the Eleventh Circuit is not in the interest of justice"); *Frank v.*

---

(stating *King* led to a "ridiculous result" and was "nonsensical"). And *King* involved the career offender enhancement that was *not* applied to Mr. Jones.

8

*Oliver*, No. 16-cv-362, 2016 WL 6542876, at *2 n.5 (S.D. Ala. Oct. 4, 2016) (similar); *see also Jackson v. Mitchem*, 998 F. Supp. 1375, 1376 (M.D. Ala. 1998) (finding § 1631 did not apply to a second or successive habeas petition).

### III. CONCLUSION

For the reasons above, it is ORDERED that Mr. Jones's objections (No. 18-cv-988, Doc. # 7) are OVERRULED. The Order and Final Judgment dismissing this action (No. 18-cv-988, Docs. # 3, 4) remain in full force and effect.

DONE this 7th day of June, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE